

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2005

# USA v. Sicenavage

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3095

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Sicenavage" (2005). *2005 Decisions.* Paper 313.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/313

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3095

UNITED STATES OF AMERICA

v.

LEONARD J. SICENAVAGE,
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 03-cr-00370-1
(Honorable Ronald L. Buckwalter)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2005

Before:  SCIRICA, *Chief Judge*, VAN ANTWERPEN and COWEN, *Circuit Judges*

(Filed: October 31, 2005 )

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Appellant Leonard Sicenavage pled guilty to one count of armed bank robbery in

violation of 18 U.S.C. § 2113(d).  The District Court found Sicenavage was subject to the

career offender provision of the Federal Sentencing Guidelines and sentenced him to 212

months imprisonment, five years of supervised release, and a $100 fine. Sicenavage challenges his sentence, but not his conviction. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Sicenavage contends the District Court violated his Sixth Amendment rights when it found him to be a career offender under the Sentencing Guidelines. Sicenavage also claims the District Court erred, in light of *United States v. Booker*, 543 U.S. - -, 125 S. Ct. 738,755-56 (2005), in treating the sentencing scheme as mandatory rather than advisory.

In accordance with our decision in *United States v. Davis*, we will vacate the sentence and remand for resentencing in accordance with *Booker*. *United States v. Davis*, 407 F.3d 162, 165 (3d Cir. 2005) (concluding defendants sentenced under the previously mandatory guidelines regime should have their sentencing challenge remanded to the District Court).[1]

---

[1]In light of our remand to the District Court, we need not address Sicenavage's claim that the District Court erred in sentencing him under the career offender provision of the Guidelines.